UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA ALVAREZ,<br><br>            Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No. 1:21-cv-01711-CDB (SS)<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY JUDGMENT[1]<br><br>(Docs. 18, 19, 20) |

Plaintiff Sandra Alvarez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her applications for disability benefits under the Social Security Act. (Doc. 1). The matter is currently before the Court on the parties' briefs, which were submitted without oral argument. (Docs. 18, 19, 20). Upon review of the Administrative Record ("AR") and the parties' briefs, the Court finds and rules as follows.

**I.   BACKGROUND**

  **A. Administrative Proceedings and ALJ's Decision**

Plaintiff filed a Title XVI application for supplemental security income on May 21, 2019,

---

[1] Based on the parties' consent to magistrate judge jurisdiction for all purposes, this action was reassigned on February 2, 2022, pursuant to 28 U.S.C. § 636(c)(1). (Doc. 13).

and a Title II application for disability insurance benefits on June 17, 2019. (AR 216-32). Plaintiff's applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ"). (AR 73-139, 158-59). On January 21, 2021, ALJ William Stanley held a hearing, during which Plaintiff, represented by counsel, and an independent vocational expert testified. (AR 36-72). The ALJ issued his decision on February 10, 2021, finding Plaintiff not disabled. (AR 16-27). On November 18, 2021, the Appeals Council declined Plaintiff's request for review. (AR 1-3).

In his decision, the ALJ engaged in the five-step sequential evaluation process set forth by the Social Security Administration. 20 C.F.R. §§ 404.1520(a), 416.920(a). At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 30, 2016, the alleged onset date. (AR 19). At step two, the ALJ determined that Plaintiff had the following severe impairments: "degenerative disc disease of the lumbar spine; mild cervical spine spondylosis; trochanteric bursitis of the right hip; question of fibromyalgia/myofascial pain syndrome; and history of migraine headaches, by report." (AR 19).

At step three, the ALJ found that Plaintiff did not have an impairment, or combination of impairments, that met or medically exceeds the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 22-23). The ALJ specifically considered listings related to the musculoskeletal system and neurological disorders. (AR 22). The ALJ indicated his conclusion was consistent with assessments of Plaintiff's physical functional capacity made by the state agency physicians. (AR 23).

The ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform a range of work activity that: "requires no more than a 'light' level of physical exertion; requires no climbing of ladders, ropes or scaffolds, no more than occasional climbing of stairs, and no more than frequent balancing or stooping; requires no more than frequent fine (fingering) or gross (handling) manipulation; and entails no concentrated exposure to hazards, such as heavy, dangerous machinery and unprotected heights." (AR 24). In determining Plaintiff's RFC, the ALJ considered Plaintiff's symptom testimony, finding Plaintiff's "medically determinable impairments could reasonably be expected to produce some of the symptoms" alleged but the

"hearing testimony, written and other attributed assertions of record concerning the intensity, persistence and limiting effects of such impairment-related symptoms are not found to be fully persuasive, consistent or adequately supported by objective medical and other findings." (AR 25).

In formulating the RFC, the ALJ considered medical opinions in the record.  The ALJ found the State agency physicians' opinions concluding Plaintiff could sustain medium physical exertion were not persuasive because they overestimated Plaintiff's functionality and understated her impairment-related symptoms.  (AR 25-26).  Thus, the ALJ "credited the evidence and [Plaintiff's] complaints to warrant the more restrictive [RFC] determination." (AR 26).  The ALJ concluded Dr. Michele Cao "over-estimated [Plaintiff's] limitations," and such limitations were not supported by the objective evidence in the record.  (AR 26).

At step four, the ALJ found that Plaintiff was capable of performing her "vocationally relevant" past jobs as a cleaner, as generally performed within the national economy, and as a phlebotomist and medical assistant, both as performed generally and by Plaintiff.  (AR 26).  Thus, the ALJ concluded at step four that Plaintiff had not been under a disability from June 30, 2016, through the date of the decision.  (AR 27).

**B.  Medical Record and Hearing Testimony**

The relevant hearing testimony and medical record were reviewed by the Court and will be referenced below as necessary to this Court's decision.

**II.   STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." (*Id*. at 1159) (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." (*Id*.) (quotation and citation omitted).  "It is such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion." *Healy v. Astrue*, 379 Fed. Appx. 643, 645 (9th Cir. 2010). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. (*Id.*).

The court will review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely. Social Security Act § 205, 42 U.S.C. § 405(g). In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. (*Id.*). An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." (*Id*). (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

A claimant must satisfy two conditions to be considered "disabled" and eligible for benefits within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step

two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. (*Id.*).

At step three, the Commissioner compares the claimant's impairment to impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. (*Id.*). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the

analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. (*Id.*).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

### III. ISSUES AND ANALYSIS

Plaintiff seeks judicial review of the Commissioner's final decision denying her applications. (Doc. 1). Plaintiff raises the following issues:

1. Whether the ALJ's decision is supported by substantial evidence where all medical opinions were not addressed. (Doc. 18 at 13).

2. Whether the ALJ's decision is supported by substantial evidence where Ms. Alvarez's neuropathy was not considered. (*Id.*).

3. Whether the ALJ's decision is supported by substantial evidence where third-party statements were not considered. (*Id.* at 14).

4. Whether the ALJ used the correct legal standard when he considered the prior claim. (*Id.*).

**A. Whether substantial evidence supports the ALJ's decision where all medical opinions were not addressed**

Plaintiff first argues "there is an opinion from Dr. Huott that was never considered – or even mentioned – by the ALJ" such that the ALJ failed to consider all medical opinions. (Doc. 18 at 15). Plaintiff cites a January 28, 2021 letter from Dr. Huott, reading:

> My patient, Sandra C. Alvarez … has been followed by myself since September 2016 for a painful idiopathic peripheral neuropathy. Due to that condition and other conditions (e.g. degenerative changes of her cervical and lumbar spine, arthralgias of multiple sites, and chronic migraine), she experiences pain on a daily basis and also has worse pain during flareups. Flareups occur frequently and may last anywhere from 1 week to 5 weeks at a time, making it very difficult for her to be able to work or function in any meaningful capacity. Her symptoms are also unpredictable

> which makes her an unreliable employee due to the unpredictable nature of her conditions. Her painful idiopathic peripheral neuropathy condition is chronic and will likely be progress over her lifetime. Due to these conditions, she should be considered for permanent disability.

(AR 34).

Defendant responds that the ALJ properly evaluated the medical opinions in assessing Plaintiff's RFC. (Doc. 19 at 25). Defendant asserts the "regulations exclude statements about whether a claimant is disabled from the persuasiveness analysis" because such statements are "inherently neither valuable nor persuasive." (*Id.* at 26 (citing 20 C.F.R. § 404.1520b(c)). Defendant argues "Dr. Huott's statement was not an opinion under the new regulations, and the ALJ was under no duty to evaluate it" because "an opinion is only a statement about 'limitations or restrictions' in a number of specifically enumerated work activities." (*Id.*).

In reply, Plaintiff argues "[t]he Commissioner's *post hoc* rationalization for the ALJ's omission of Dr. Huott's statement in the ALJ's decision cannot be used to affirm the Commissioner's decision." (Doc. 20 at 2). Plaintiff also argues Dr. Huott's letter is a medical opinion because he "gave an opinion about Ms. Alvarez' impairment-related limitations on her ability to work – that her pain limits her ability to function." (*Id.* at 3).

The Court finds Plaintiff's argument persuasive. There is no dispute that the ALJ does not discuss or cite to Dr. Huott's letter. Such does not automatically amount to reversible error as the Ninth Circuit has "repeatedly held that an ALJ need not discuss *all* evidence presented to her. Rather, she must explain why significant probative evidence has been rejected." *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1193 (9th Cir. 2022) (quotation marks omitted). The approach accounts for "the competing interests at stake," recognizing that an ALJ cannot "engage in meaningful review of a disability claim" if he ignores significant probative evidence that bears on the disability analysis but "a rule requiring ALJs to address every argument or piece of evidence, however meritless or immaterial, would unduly detain ALJs in their orderly consideration of Social Security disability benefits claims." *Id.*

Here, the dispute between the parties focuses on whether Dr. Huott's letter is a medical opinion. Under the regulations applicable to Plaintiff's applications, the Commissioner does "not

defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The regulations further provide that the Commissioner will articulate the persuasiveness of "*all* medical opinions and *all* of the prior administrative medical findings in [the] case record" and sets forth specific factors that must be addressed. 20 C.F.R. §§ 404.1520c(b)-(c). Thus, if Dr. Huott's letter is a medical opinion and the ALJ failed to articulate how persuasive he found the opinion under the regulations, the ALJ erred.

The problem, however, is that the ALJ's complete failure to discuss Dr. Huott's letter means he did not address whether the letter was a medical opinion such that its treatment required the articulation set forth by the regulations. (*See* AR 16-27). The Ninth Circuit addressed a similar situation in its unpublished decision in *Johnson v. Kijakazi*, No. 21-15919, 2022 WL 2593516, at *1 (9th Cir. 2022). There, the parties disputed whether a letter from the claimant's licensed clinical social worker "contain[ed] medical opinions such that the ALJ had to analyze their persuasiveness using the five factors enumerated in 20 C.F.R. § 404.1520c(c)(1)-(5), and articulate in his written decision how he considered the supportability and consistency factors as required by 20 C.F.R. § 404.1520c(b)(2)." While the ALJ's decision cited the provider's letter in his decision, "nowhere d[id] the ALJ's decision examine the substance of [the] letter." *Id.* The Ninth Circuit concluded it could not address whether the letter was an opinion because this issue "went unanswered by the ALJ." *Id.* Thus, the Ninth Circuit remanded the case "so the agency c[ould] address in the first instance whether [the] letter include[d] medical opinions." *Id.*

Here, as in *Johnson*, the ALJ did not address whether Dr. Huott's letter contained medical opinions. Because a court may "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely," the Court cannot affirm the ALJ's decision. *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014). Rather, the ALJ erred in failing to discuss Dr. Huott's letter at all. Defendant does not argue that any such error is harmless (*see* Doc. 19 at 20-21) and, indeed, it is doubtful an error of this type ever could be considered harmless. *Cf. Johnson*, 2022 WL 2593516, at *1 (majority op.) *with* *2

(Bea, J., dissenting) (concluding any error by ALJ in considering a medical opinion contained in a two-page letter was harmless given every limitation described in the letter was considered by the ALJ elsewhere).  Accordingly, as in *Johnson*, remand to allow the ALJ to address in the first instance whether Huott's letter contains medical opinions is appropriate.

### B. Remaining Arguments

Because the Court finds remand is warranted, the Court need not address Plaintiff's additional arguments related to the ALJ's failure to consider her neuropathy and third-party statements,[2] and whether the ALJ erred in failing to reopen her prior claim.  *See Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990) ("Because we reverse, we do not reach the other arguments raised."); *see also Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) (same); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[T]he Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

### IV.   CONCLUSION AND ORDER

For the reasons stated above, the Court ORDERS as follows:

1. Plaintiff's Motion for Summary Judgment (Doc. 18) is GRANTED;
2. The decision of the Commissioner is reversed, and this matter is remanded back to the Commissioner of Social Security for further proceedings consistent with this order; and
3. The Clerk of Court is DIRECTED to enter judgment in favor of Plaintiff Sandra Alvarez and against Defendant Commissioner of the Social Security Administration.

IT IS SO ORDERED.

Dated:   **April 2, 2025**

UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes, however, that while at the time of the parties' briefing it remained an "open question whether ALJs are still required to consider lay witness evidence under the revised regulations," *Fryer v. Kijakazi*, No. 21-36004, 2022 WL 17958630, at *3 (9th Cir. Dec. 27, 2022), the Ninth Circuit recently clarified that "nonmedical sources—including lay testimony from friends and family—are still considered in determining the 'consistency' of 'medical opinion(s) or prior administrative medical finding(s),'" but "the governing regulations now expressly allow ALJs to discount nonmedical evidence without explanation." *Hudnall v. Dudek*, 130 F.4th 668, 670-71 (9th Cir. 2025).